NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000700
14-MAR-2012
09:31 AM

NO. CAAP-11-0000700


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RICHARD HOMER GIBSON, JR., Defedant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 10-1-105)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Appellant Richard Homer Gibson, Jr.'s (Appellant Gibson), appeal from the Honorable Greg K. Nakamura's August 31, 2011 judgment of conviction against Appellant Gibson for assault in the third degree in violation of Hawaii Revised Statutes (HRS) § 707-712 (1993) because the August 31, 2011 judgment is not appealable under HRS § 641-11 (Supp. 2011).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2011). "Any party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court[.]" HRS § 641-11 (Supp. 2011).

"The sentence of the court in a criminal case shall be the judgment." Id. It appears that the sentencing in this case is incomplete, however, because, although the August 31, 2011 judgment sentences Appellant Gibson to imprisonment, the August 31, 2011 judgment additionally provides that the circuit court is sentencing Appellant Gibson to restitution in an amount to be determined at some time in the future. The record does not contain any order with a determination of the amount of restitution that Appellant Gibson must pay as a part of his sentence.

Under analogous circumstances in an appeal from a district court judgment in a criminal case, we have held that a judgment is not final and appealable unless the sentence is final:

> Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.
>
> Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). Similarly in the instant case, the August 31, 2011 judgment is not final, because the August 31, 2011 judgment indicates that the circuit court intends to sentence Appellant Gibson to restitution in an amount to be determined at some time in the future. Consequently, the sentence in the August 31, 2011 judgment is not final, and, thus, the August 31, 2011 judgment is not an appealable final judgment under HRS § 641-11. Absent an appealable final judgment in the record on appeal, we cannot

exercise appellate jurisdiction over appellate court case number CAAP-11-0000700.  Therefore,

IT IS HEREBY ORDERED that Appellant Gibson's appeal in appellate court case number CAAP-11-0000700 is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawai'i, March 14, 2012.

Presiding Judge

Associate Judge

Associate Judge

3